# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLATUBE GLOBAL MARKETING, INC., et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br>　　vs.<br>SOLATUBE INTERNATIONAL, INC., et. al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 16cv3110-LAB (JMA)<br><br>**ORDER RE: JURISDICTION** |

Three weeks ago, the Court ordered Plaintiffs to show cause why their action shouldn't be dismissed for failure to allege diversity jurisdiction. The Court provided the Plaintiffs two weeks to either (i) file an amended complaint, or (ii) file a response explaining why the Court shouldn't dismiss the action. Five days after the deadline, Plaintiffs requested sixty more days to respond.

Based on the complaint, the Court had assumed the parties were already in close contact. Plaintiffs' response indicates that's not the case. The Court has reconsidered its directive requiring the parties to meet and confer and deletes that condition.

The Plaintiffs must plead "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8. And the Plaintiffs "must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014). The Court has "an independent obligation" to "dismiss the complaint in its entirety"

if jurisdiction doesn't exist. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). That may be a harsh rule in some cases, but it's not here, where Plaintiffs have at least one alternative forum available to them.

The Plaintiff's motion for an additional 60 day extension is **DENIED**. No later than **February 6, 2017**, Plaintiffs must file an amended complaint properly alleging facts establishing diversity of citizenship. Otherwise, the Court will dismiss this action for lack of jurisdiction.

**IT IS SO ORDERED**.

DATED: January 30, 2017

**HONORABLE LARRY ALAN BURNS**

United States District Judge